UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PRIMITIVO ROJAS GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DISTRICT COURT,<br><br>Defendant. | No. 2:21-cv-03431-JLS (JDE)<br><br>ORDER OF DISMISSAL |

## I.

## INTRODUCTION

On April 19, 2021, Primitivo Rojas Gomez ("Plaintiff") an inmate at California Men's Colony, in San Luis Obispo, California, proceeding pro se, filed a document titled "Notice of International Commercial Claim Within Admiralty 28 USC §§ 1333, §§ 1337 / Private Between Parties / Administrative Remedy / Civil Rights Violations / 42 USC §§ 1983," that, on the second page, identified the "United States District Court Central District of California" as the sole "Respondent." Dkt. 1 at 1-10 ("Complaint") (CM/ECF pagination is used herein for references to Plaintiff's filings).

Plaintiff alleges that he, a "sentient being of flesh and blood," on October 4, 2020, presented a "Notice and Demand" to "the Superior Court of Norwalk," advising that "case No. VA 130399 had been discharged." Complaint at 3. Plaintiff then claims that on November 4, 2020, he presented a "Notice of Default" to Judge Raul A. Sahagun advising that he had 14 days to respond. Id. Plaintiff avers that, as no response was provided, "according to the commercial and maxims law: 'He who leaves the battlefield, loses by default.'" Id. at 3-4. After listing rights allegedly violated by the California Superior Court and describing, among other things, actions of President Roosevelt in declaring a National Emergency making it "unlawful for any citizen of the United States to own gold," causing the federal government to take "much of our lawful money out of general circulation in 1933" with a promise that "the federal government will pay the debts, dollar for dollar," Plaintiff alleges "[b]ase[d] on this law, [he] has discharged his debts, the charges of the case no. VA130399." Id. at 5-8. Plaintiff asks this Court "to take participation due to the negligence of the state courts to enforce the contract," seeking release from prison, and expungement of his record. Id. at 8-9.

Attached to the Complaint are several documents, including, records of the California Superior Court for the County of Los Angeles in <u>People of the State of California v. Primitivo Rojas Gomez</u>, Case No. VA130399, reflecting Plaintiff was convicted on January 15, 2014 for attempted murder and assault with a deadly weapon, with an enhancement, resulting in the imposition of a 16-year prison sentence. See Dkt. 1 at 14- 17. Also attached to the Complaint are, among other things: (1) a handwritten "Notice and Demand" by Plaintiff to "Respondent Paul A. Sahagun or his successor, Superior Court of Norwalk," dated October 4, 2020, demanding, among other things, Plaintiff's release from custody, expungement of his record, and $4,808,320,000.00 in damages (Dkt. 1 at 20-28, Dkt. 1-1 at 1-2); (2) a handwritten "Notice of

Default," dated November 4, 2020, declaring a default on the prior Demand, now asserting "damages" of $4,901,800,000.00 (Dkt. 1-1 at 4-15); and (3) an "Affidavit of Truth" relating to the Demand and Notice of Default, dated December 30, 2020 (Dkt. 1-1 at 17-25).

As Plaintiff is a prisoner who has filed a civil action seeking redress from a governmental entity, under 28 U.S.C. § 1915A, the Court must screen the Complaint to determine if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. For the reasons set forth below, the Court finds the Complaint is subject to immediate dismissal.

## II.
## STANDARD OF REVIEW

As noted, the Court must screen any civil complaint filed by a prisoner seeking redress against a governmental defendant, and, if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a party immune from such relief, dismiss it. 28 U.S.C. § 1915A(a), (b).

A complaint may be dismissed for failure to state a claim for: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (as amended). When screening a complaint, the Court applies the same standard as it would when evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). In determining whether the complaint states a claim, its factual allegations must be taken as true and construed in the light most favorable to the plaintiff. See Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). Courts construe the allegations of pro se complaints liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); see also Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (as amended). But, "a liberal

interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (citation omitted).

## III.

## DISCUSSION

The Complaint, construed liberally, is frivolous, fails to state a claim upon which relief may be granted, and seeks monetary relief from a party immune from such relief.

As an initial matter, the only "respondent" listed in the Complaint is this Court; yet, Plaintiff makes no allegation of any conduct by this Court that would support any claim against it. Nor could Plaintiff make such a claim, as under 42 U.S.C. § 1983 ("Section 1983"), the purported statutory basis for the Complaint (see Complaint at 1), neither the United States government nor its agencies are "persons" that can be sued under the statute. See District of Columbia v. Carter, 409 U.S. 418, 424-425 (1973).

Construing the Complaint broadly to seek relief against the California Superior Court, it is similarly deficient.

To the extent the Complaint seeks monetary damages against the California Superior Court under Section 1983, that court, an arm of the State of California, is immune from such a suit. "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). This jurisdictional bar includes "suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature." Id.; see also Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.").

California has not consented to suit against it in federal court. See BV Eng'g v. Univ. of Cal., L.A., 858 F.2d 1394, 1396 (9th Cir. 1988); see also Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court"). Furthermore, Congress has not abrogated State sovereign immunity for civil rights actions. See Dittman, 191 F.3d at 1026; L.A. Branch NAACP v. L.A. Unified Sch. Dist., 714 F.2d 946, 950 (9th Cir. 1983). Accordingly, Plaintiff's claim for damages under Section 1983 is barred by the Eleventh Amendment. See, e.g., Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003).

To the extent Plaintiff seeks a finding that his conviction is invalid or must be expunged, under the "favorable termination" rule of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), a Section 1983 action cannot proceed "no matter the relief sought (damages or equitable relief)" if "success in that action would necessarily demonstrate the invalidity of confinement or its duration," and the challenged conviction or sentence has not been invalidated. Wilkinson, 544 U.S. at 81-82; see also Edwards v. Balisok, 520 U.S. 641, 648 (1997); Osborne v. Dist. Attorney's Office for Third Judicial Dist., 423 F.3d 1050, 1053 (9th Cir. 2005) ("Heck applies both to actions for money damages and to those, like this one, for injunctive relief."). Here, as Plaintiff seeks release and expungement of his underlying conviction as a remedy, success on his claim would "necessarily imply the invalidity" of his state court conviction, which has not been invalidated. See Wilkinson, 544 U.S. at 81; France v. Dewey, 2018 WL 6079232, *2 (N.D. Cal. Nov. 21, 2018) ("The Ninth Circuit has held that Heck generally bars claims challenging the validity of an arrest, prosecution or conviction."). As such, the claim is barred by Heck.

Separately, in general, a challenge to the fact or duration of confinement may only proceed via a petition for writ of habeas corpus. See Wilkinson, 544

U.S. at 79, 81. In Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973), the Supreme Court held that a petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of . . . confinement[.]" See also Hill v. McDonough, 547 U.S. 573, 579 (2006) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." (citation omitted)); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam) (plaintiff's claim seeking to be released from prison must be raised in a writ of habeas corpus). "A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the 'fact or duration of his confinement.'" Harris v. California, 2008 WL 595880, at *3 (S.D. Cal. Mar. 3, 2008) (quoting Preiser, 411 U.S. at 489); Tingley v. Nev. Dep't of Public Safety, 2015 WL 2448818, at *4 (D. Nev. May 21, 2015) ("§ 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the duration of a sentence."). Here, Plaintiff may not use a Section 1983 claim here to seek early release from state custody.

Lastly, to the extent Plaintiff purports to base any claim against the California Superior Court on some ground other than Section 1983, leaving aside possible jurisdictional issues, any such basis is frivolous. For screening purposes, a case is frivolous if it is "'of little weight or importance: having no basis in law or fact.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (quoting Webster's Third New International Dictionary 913 (1993)). Having reviewed the Complaint and supporting exhibits, the Court finds the case has no basis in law or fact, is frivolous, and is subject to dismissal.

For the foregoing reasons, the Court finds the Complaint is frivolous, fails to state a claim upon which relief may be granted, and seeks monetary relief from a party immune from such relief.

# V.

# CONCLUSION AND ORDER

As the Complaint is frivolous, fails to state a claim upon which relief can be granted, and seeks monetary relief from a party immune from such relief, it must be dismissed under 28 U.S.C. § 1915A(a), (b).

Therefore, IT IS HEREBY ORDERED THAT this action is DISMISSED with prejudice and Judgment shall be entered accordingly.

Dated: May 26, 2021

_____
JOSEPHINE L. STATON
United States District Judge

Presented by:

_____
JOHN D. EARLY
United States Magistrate Judge